**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CONDY B. WASHINGTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 08-CV-481-TCK-PJC |
| ) | |
| MIKE ADDISON, Warden; ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate appearing *pro se*. Before the Court is Petitioner's amended petition for habeas corpus relief (Dkt. # 16).[1] Respondent filed a response (Dkt. # 18), and has provided the state court records necessary for adjudication of Petitioner's claims (Dkt. ## 18, 19, 20). Petitioner filed a reply (Dkt. # 21). For the reasons discussed below, the amended petition shall be denied.

### *BACKGROUND*

On March 8, 2004, Petitioner was charged in Tulsa County District Court, Case No. CF-2004-191, with five (5) counts of sexually abusing a minor. The charges stemmed from separate incidents at two different locations in Tulsa County, involving two young girls, C.W. and G.C.[2] The incidents occurred between January 1, 2001, and November 7, 2003. Petitioner was tried by a jury and found guilty of Counts 1, 2, 3, and 5. He was found guilty of the lesser included offense of lewd

---

[1] Because the amended petition supersedes the original petition, the original petition (Dkt. # 1) shall be declared moot.

[2] Pursuant to Rule 5.2(a)(3), Federal Rules of Civil Procedure, the Court shall refer to the minor victims using their initials.

or indecent acts with a child on Count 4. On August 15, 2005, Petitioner was sentenced by the trial judge, in accordance with the jury's recommendation, to seventy-five (75) years imprisonment on Counts 1 and 3, life imprisonment on Counts 2 and 5, and twenty (20) years on Count 4. The judge ordered the sentences to be served consecutively. At trial, Petitioner was represented by attorneys Richard L. Clark and Cori Grayson, Assistant Public Defenders for Tulsa County.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Stephen J. Greubel, he raised two (2) propositions of error:

> Proposition I: Reversal is required because the State's supporting witnesses were allowed to opine on the credibility of the complaining witnesses, thereby invading the province of the jury which alone shoulders the responsibility of assessing credibility.
>
> Proposition II: Failure to instruct on parole ineligibility was error.

See Dkt. # 18, Ex. 1. In an unpublished summary opinion filed April 25, 2007, in Case No. F-2005-808 (Dkt. # 18, Ex. 3), the OCCA affirmed the Judgment and Sentence of the trial court. Petitioner did not file a petition for writ of certiorari at the United States Supreme Court nor did he seek post-conviction relief in the state courts.

On July 18, 2008, Petitioner commenced this habeas corpus action by filing his petition in the United States District Court for the Western District of Oklahoma. See Dkt. # 1. On August 21, 2008, the case was transferred to this Court (Dkt. # 6). Petitioner filed an amended petition on March 5, 2009, raising two (2) grounds of error, as follows:

> Ground One: 5th, 6th, & 14th Amed. [sic] violated when State used witnesses to vouch for credibilty [sic] of victim.
>
> Ground Two: Trial Court's failure to give 85% instruction on parole eligibility denied Mr. Condy due process under U.S. Const. Amend. 14.

2

See Dkt. # 16. In response to the amended petition, Respondent argues Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d). See Dkt. # 18.

*ANALYSIS*

**A.      Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA on direct appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the

"determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As indicated above, Petitioner presented his federal claims challenging his convictions and sentences to the OCCA on direct appeal. The OCCA denied relief. See Dkt. # 18, Ex. 3. Therefore, the § 2254(d) standard applies to this Court's analysis of Petitioner's claims.[3]

### 1. Improper vouching (ground one)

In ground one, Petitioner complains that, during trial, the State improperly used three witnesses to vouch for the veracity of the two victims' testimony. The challenged testimony of each of the three witnesses was allowed over objection of defense counsel. Relief on this claim was denied by the OCCA on direct appeal. Finding the claim lacked merit, the OCCA explained its reasoning as follows:

> As to Proposition I, we find none of the three challenged witnesses improperly vouched for the credibility of the child victims. *Warner v. State*, 2006 OK CR 40, ¶ 24, 144 P.3d 838, 860. Neither the school nurse nor the sheriff's investigator vouched for the alleged victims' truthfulness or credibility by telling the jury that they were believable or that they were telling the truth. Rather, both testified about their observations of the children. As for the forensic interviewer, her

---

[3] In his reply, Petitioner argues that AEDPA standards do not apply because the OCCA disposed of his claims in a two-and-one-half page summary opinion which did not acknowledge or address the specific factual assertions made by appellate counsel. See Dkt. # 21. The Court disagrees, and notes that the OCCA addressed Petitioner's specific allegations regarding the challenged testimony of each of the three witnesses. See Burleson v. Saffle, 278 F.3d 1136, 1144 (10th Cir. 2002) (stating that "'there is nothing inherently objectionable in the Oklahoma court's use of summary opinions in unpublished cases,' King v. Champion, 55 F.3d 522, 526 (10th Cir. 1995), and that we will normally defer to a state court's result even when it is unaccompanied by supporting reasoning, Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir. 1999)").

4

testimony was permissible under *Davenport v. State*, 1991 OK CR 14, ¶ 16, 806 P.2d 655, 659.

See Dkt. # 18, Ex. 3 at 2.

On direct appeal,[4] Petitioner argued that the school nurse, Ms. Newton, was allowed to testify that even though the girls were interviewed together, there was no evidence in her opinion that they had coached one another. See Dkt. # 20-3, Tr. Trans. at 323-24. Petitioner contends that Ms. Newton was improperly telling jurors that the testimony of the two girls was true, consistent and untainted by possible biases. Petitioner also complains that Deputy McKinney-Harris was allowed to answer "yes" to the question: "[W]ould it be an accurate statement that the girls have been fairly consistent . . . in the specific allegations regarding sexual abuse?" See Dkt. # 20-5, Tr. Trans. at 655-56. Petitioner claims that this testimony was improper bolstering. Petitioner next challenges the testimony of Jamie Vogt, a licensed professional counselor with extensive training and experience in techniques of forensic interviewing of child abuse victims. Ms. Vogt testified about her interviews with the two victims. Petitioner complains that she was permitted to opine on the truthfulness of the victims, and advised the jury to believe the children's testimony. See Dkt. # 18, Ex. 1 at 24-25. He also argues that the State used Ms. Vogt's opinion during closing arguments. Id. at 25-26.

State court determinations of state law evidentiary rulings are generally not reviewable on habeas corpus review, unless the determination rendered the trial "so fundamentally unfair as to constitute a denial of federal constitutional rights." Brinlee v. Crisp, 608 F.2d 839, 850 (10th Cir. 1979). "'Because a fundamental-fairness analysis is not subject to clearly definable legal elements,'

---

[4] Because Petitioner provides little factual detail supporting this claim in his habeas petition, the Court reviewed Petitioner's direct appeal brief to decipher the factual basis of his ground one claim.

when engaged in such an endeavor a federal court must 'tread gingerly' and exercise 'considerable self-restraint.'" Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002) (quoting United States v. Rivera, 900 F.2d 1462, 1477 (10th Cir. 1990)). Significantly, no Supreme Court authority holds that improper vouching violates due process. Parker v. Scott, 394 F.3d 1302, 1309 (10th Cir. 2005). Reviewing the testimony of the three witnesses with these standards in mind, the Court concludes that Petitioner's trial was not rendered fundamentally unfair by admission of the testimony. The challenged testimony "was not so egregious that it 'fatally infected' or 'necessarily prevente[ed]' a fair trial." Parker, 394 F.3d at 1311. The OCCA's decision was not an unreasonable application of Supreme Court precedent. Habeas relief shall be denied on Petitioner's ground one claim.

    **2.     Failure to instruct on 85% rule (ground two)**

In his second ground, Petitioner claims that his due process rights under the Fourteenth Amendment to the United States Constitution were violated because the judge refused to give the jury a requested instruction on the 85% Rule. In resolving this claim on direct appeal, the OCCA found as follows:

> As to Proposition II, it was error to refuse Washington's requested instruction on Oklahoma's 85% Rule. *Anderson v. State*, 2006 OK CR 6, ¶¶ 11-13, 130 P.3d 273, 278. We do not, however, automatically reverse a case for this instructional error. *Carter v. State*, 2006 OK CR 42, ¶ 5, 147 P.3d 243, 244. Instead, we review the record to determine "whether the error resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right." *Id.* In this case, the omission of the instruction did neither. This claim is denied.

(Dkt. # 18, Ex. 3 at 2 (footnote omitted)).

Under Oklahoma's 85% Rule, as applicable to the facts of this case, "[p]ersons convicted of: [a]ny crime against a child provided for in Section 843.5 of [Title 21] . . . shall be required to serve not less than eighty-five percent (85%) of any sentence of imprisonment imposed by the

6

judicial system prior to becoming eligible for consideration for parole." Okla. Stat. tit. 21, § 13.1 (2002). At the time of Petitioner's trial, held June 13-16, 2005, an instruction on the 85% Rule was not required under Oklahoma law. On February 22, 2006, or more than eight (8) months after Petitioner's trial, the OCCA held that trial courts should instruct jurors on the 85% Rule prior to sentencing. Anderson v. State, 130 P.3d 273, 283 (Okla. Crim. App. 2006). The Anderson court, however, specified that its holding was prospective and did not apply to "cases before this decision." Id.

The trial judge did not violate Petitioner's constitutional rights by refusing to give the jury an instruction on the 85% Rule. There is no federal requirement for instructing jurors about parole eligibility in a non-capital case, and when Petitioner was tried, Oklahoma law did not require such an instruction. See O'Neal v. Province, 415 Fed. Appx. 921, 925 (10th Cir. 2011) (unpublished)[5] (citing Anderson, 130 P.3d at 283)); Cheadle v. Dinwiddie, 278 Fed. Appx. 820, 823 (10th Cir. 2008) (unpublished) ("Although the OCCA recently changed its position with regard to whether the jury can be instructed on how much time a defendant must serve before parole eligibility, that court did not base its change on anything in the United States Constitution, nor did it apply the new rule retroactively."). The trial court's failure to instruct on the 85 percent rule did not render Petitioner's trial fundamentally unfair in a constitutional sense. See Taylor v. Parker, 276 Fed. Appx. 772, 775-76 (10th Cir. 2008) (unpublished) (in a non-capital case, rejecting petitioner's contention that he was entitled to habeas relief because the trial court failed to instruct the jury on Oklahoma's 85 percent rule). The OCCA's denial of relief on this claim was not an unreasonable application of Supreme Court precedent. Petitioner is not entitled to habeas corpus relief under § 2254(d).

---

[5] This and other unpublished opinions cited for persuasive value. See 10th Cir. R. 32.1(A).

## C. Certificate of appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus, as amended, shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the amended petition for writ of habeas corpus (Dkt. # 16) is **denied**. The original petition (Dkt. # 1) is **declared moot**. A separate judgment in favor of Respondent shall be entered in this matter. A certificate of appealability is **denied**.

DATED this 28th day of March, 2012.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE